**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Norma Margarita BARRANCAS–SAN-
CHEZ, a.k.a. Norma M. Barrancas–
Sanchez, Defendant–Appellant.**

No. 14-50249

United States Court of Appeals,
Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

Stacey H. Sullivan, Assistant U.S. Attor-
ney, Office of the US Attorney, Helen H.
Hong, Assistant U.S. Attorney, San Diego,
CA, for Plaintiff–Appellee

Robert C. Schlein, Robert C Schlein &
Associates, San Diego, CA, for Defendant–
Appellant

Before: HAWKINS, N.R. SMITH, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Norma Margarita Barrancas–Sanchez
appeals from the district court's judgment
and challenges the 68–month sentence im-
posed following her guilty-plea conviction
for importation of methamphetamine, in
violation of 21 U.S.C. §§ 952 and 960. We
have jurisdiction under 28 U.S.C. § 1291,
and we vacate and remand for resentenc-
ing.

Barrancas–Sanchez argues that the dis-
trict court erred in denying a minor role

reduction to her base offense level under
U.S.S.G. § 3B1.2(b). After Barrancas–San-
chez was sentenced, the United States
Sentencing Commission issued Amend-
ment 794 ("the Amendment"), which
amended the commentary to the minor
role Guideline. The Amendment is retroac-
tive to cases pending on direct appeal. *See
United States v. Quintero–Leyva*, 823 F.3d
519, 523 (9th Cir. 2016).

The Amendment clarified that, in assess-
ing whether a defendant should receive a
minor role adjustment, the court should
compare her to the other participants in
the crime, rather than to a hypothetical
average participant. *See* U.S.S.G. App. C.
Amend. 794; *Quintero–Leyva*, 823 F.3d at
523. In addition, the Amendment clarified
that "[t]he fact that a defendant performs
an essential or indispensable role in the
criminal activity is not determinative."
U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Final-
ly, the Amendment added a non-exhaustive
list of factors that a court "should consid-
er" in determining whether to apply a
minor role reduction. *See id.* Because we
cannot determine from the record whether
the district court followed the guidance of
the Amendment's clarifying language and
considered all of the now-relevant factors,
we vacate Barrancas–Sanchez's sentence
and remand for resentencing under the
Amendment. *See Quintero–Leyva*, 823
F.3d at 523–24.

In light of this disposition, we do not
reach Barrancas–Sanchez's claim that her
sentence is substantively unreasonable.

**VACATED and REMANDED for re-
sentencing.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.